## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| JEFFERIES LLC,<br><br>      Plaintiff,<br><br><br>      v.<br><br><br>WTW INVESTMENT COMPANY, LTD., PAULA TURNBULL KNOX, as trustee of Turnbull Marital Trust, WILLIAM STANTON, JANET STANTON, JEFFREY DWORKIN, ROBERT ANDERSON, ALEJANDRO CABRERA, JOHN GONZALEZ, KENNETH BARNETT, MARK A. HADJA, BROOKS BARKLEY, SARAH BARKLEY, ANDREW WILLIAMS, RICHARD HOEDEBECK, SALLY HOEDEBECK, BETH ERWIN, BRIAN BECK, STEVEN RIEBEL, as trustee of Riebel Living Trust, JENNIE D. PRICE, RENOUARD INVESTMENTS, LLC, PAUL THOMPSON, DAVID N. PEDERSON, TODD R. BROWN, JEFFREY MILLER, MICHAEL SULLIVAN, LORI BOWEN, PHYLLIS K. CLARK, RICHARD LONGORIA, MARK E. TRIVETTE, TARAK PATEL, MAROON FEGHALI, JOSEPH N. FEGHALI, ELIE N. FEGHALI, ROBERT S. TYLER, DONNELLA R. TYLER, THOMAS G. KEYSER, CONSTANCE LINDSEY, and RUSTY McDOWELL,<br><br>      Defendants. | CIVIL ACTION NO. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

**TO THE HONORABLE COURT:**

Plaintiff Jefferies LLC ("Jefferies" or "Plaintiff"), for its complaint for declaratory and injunctive relief against Defendants,[1] alleges as follows:

## INTRODUCTION

1.     In this action, Jefferies seeks a declaratory judgment, as well as preliminary and permanent injunctive relief to preclude Defendants from pursuing claims against Jefferies in an arbitration that they commenced before the Financial Industry Regulatory Authority ("FINRA") on or about December 20, 2016, captioned *Toby Wilson, Paula Turnbull Knox, William Stanton, Janet Stanton, et al. vs. WFG Investments, Inc. and Jefferies LLC*, FINRA Office of Dispute Resolution Arbitration No. 16-03688 (the "Arbitration").[2]

2.     As detailed below, Defendants have no standing to pursue the Arbitration against Jefferies.  Under the FINRA Code of Arbitration Procedure for Customer Disputes (the "FINRA Code"), a member firm such as Jefferies is required to arbitrate certain kinds of disputes with its "customer[s]" only where arbitration is required by written agreement or where arbitration is requested by the "customer."

3.     Jefferies has never entered into an arbitration agreement with any of the Defendants.  In addition, Defendants are not, and have never been, "customer[s]" of Jefferies under the FINRA Code.  Accordingly, FINRA has no jurisdiction over the dispute.  This dispute must be heard—if at all—in a judicial forum.

---

[1]     For a complete list of Defendants, see *infra* ¶¶ 7–44.
[2]     The alleged claims in the Arbitration are contained in Defendants' Statement of Claim.  Without admitting or incorporating any of the allegations therein, Jefferies attaches a true and correct copy of the Statement of Claim as Exhibit 1 to this Complaint.

4.      The Court should therefore declare that Jefferies is not required to arbitrate Defendants' claims, and enjoin Defendants from proceeding against Jefferies in the pending Arbitration.

## PARTIES

5.      Jefferies is a SEC-registered broker-dealer and a member firm of FINRA. Jefferies is a limited liability company organized under the laws of Delaware, with its principal place of business in New York.  The sole member of Jefferies LLC is Jefferies Group LLC, a Delaware limited liability company.  The sole member of Jefferies Group LLC is Limestone Merger Sub LLC, also a Delaware limited liability company.  Limestone has a single member, Leucadia National Corporation, a New York corporation with its principal place of business in New York.  Thus, Jefferies is a New York citizen for the purposes of diversity jurisdiction.

6.      Defendants' citizenships are pled on information and belief, based on the details set forth in the Statement of Claim.

7.      Defendant WTW Investment Company, Ltd. is a citizen of Texas.

8.      Defendant Paula Knox, as a trustee of the Turnbull Marital Trust, is a citizen of Texas.

9.      Defendant William Stanton is a citizen of Texas.

10.     Defendant Janet Stanton is a citizen of Texas.

11.     Defendant Jeffrey L. Dworkin is a citizen of Texas.

12.     Defendant John J. Gonzalez is a citizen of Texas.

13.     Defendant Alejandro Calbrera is a citizen of Texas.

14.     Mark A. Hajda is a citizen of Texas.

15.     Defendant Brooks Barkley is a citizen of Texas.

16.     Defendant Sarah Barkley is a citizen of Texas.

17.     Defendant Andrew Williams is a citizen of Texas.

18.     Defendant Richard Hoedebecke is a citizen of Texas.

19.     Defendant Sally S. Hoedebecke is a citizen of Texas.

20.     Defendant Beth Erwin is a citizen of Texas.

21.     Defendant Brian Beck is a citizen of Texas.

22.     Defendant Steven Riebel, as trustee of the Riebel Living Trust, is a citizen

of Texas.

23.     Defendant Todd R. Brown is a citizen of Texas.

24.     Defendant Jeffrey Miller is a citizen of Texas.

25.     Defendant David N. Pederson is a citizen of Texas.

26.     Defendant Michael Sullivan is a citizen of Texas.

27.     Defendant Richard Longoria is a citizen of Texas.

28.     Defendant Mark E. Trivette is a citizen of Texas.

29.     Defendant Tarak Patel is a citizen of Texas.

30.     Defendant Robert S. Tyler is a citizen of Texas.

31.     Defendant Donella Tyler is a citizen of Texas.

32.     Defendant Thomas Keyser is a citizen of Texas.

33.     Defendant Constance Lindsey is a citizen of Texas.

34.     Defendant Rusty McDowell is a citizen of Texas.

35.     Defendant Lori Bowen is a citizen of Texas.

36.     Defendant Robert A. Anderson is a citizen of Oklahoma.

37.     Defendant Renouard Investments, LLC is a citizen of Oklahoma.

38.     Defendant Jennie D. Price is a citizen of Oklahoma.

39.   Defendant Phyllis K. Clark LLC is a citizen of Oklahoma.

40.   Defendant Kenneth Barnett is a citizen of Michigan.

41.   Defendant Paul Thompson is a citizen of New Mexico.

42.   Defendant Joeseph N. Feghali is a citizen of California.

43.   Defendant Maroun Feghali is a citizen of California.

44.   Defendant Elie N. Feghali is a citizen of California.

## JURISDICTION AND VENUE

45.   This is an action for (i) a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201; and (ii) for injunctive relief pursuant to Federal Rule of Civil Procedure 65(a) and 9 U.S.C. § 4.

46.   The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C.  § 1332, because the parties are of diverse citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  Specifically, Defendants seek damages in excess of $3.2 million in the Arbitration.  *See* Statement of Claim, Ex. 1 at 2.

47.   The Court has personal jurisdiction over defendants WTW Investment Company, Ltd., Paula Knox, as trustee of the Turnbull Marital Trust, William Stanton, Janet Stanton, Jeffrey L. Dworkin, John J. Gonzales, Alejandro Cabrera, Mark A. Hajda, Brooks Barkley, Sarah Barkley, Andrew Williams, Richard Hoedebeck, Sally S. Hoedebeck, Bethe Erwin, Brian Beck, Steven Riebel, as trustee of the Riebel Living Trust, Todd R. Brown, Jeffrey Miller, David N. Pederson, Michael Sullivan, Richard Longoria, Mark E. Trivette, Tarak Patel, Robert S. Tyler, Donella Tyler, Thomas Keyser, Constance Lindsey, Rusty McDowell, and Lori Bowen (collectively, the "Texas Defendants") because they are residents of Texas.

48.     In addition, the Court has personal jurisdiction over all Defendants because the claims in this Complaint arise from their contacts with this forum, including but not limited to their request for the Arbitration to be held in Dallas, Texas.

49.     Venue is proper under 28 U.S.C. § 1391 because Defendants designated this judicial district as the site of the Arbitration, and as discussed above, Defendants are subject to this Court's personal jurisdiction.

## FACTUAL ALLEGATIONS

### The Arbitration

50.     On or about December 20, 2016, Defendants filed the Statement of Claim with FINRA, instituting arbitration proceedings against Jefferies and WFG Investments, Inc. ("WFG").  Jefferies was served with a copy of the Statement of Claim on or about December 28, 2016.  Jefferies' answer to the Statement of Claim is currently due on February 10, 2017.

51.     In their Statement of Claim, Defendants requested that the Arbitration be held in Dallas, Texas.  *See* Ex. 1.  FINRA has selected Dallas, Texas as the venue for the Arbitration.  A true and correct copy of the FINRA notice designating Dallas as the arbitral venue is attached hereto as Exhibit 2.

52.     In the Arbitration, Defendants allege that they each suffered losses in connection with their purchase of preferred shares of Palmaz Scientific Inc. ("Palmaz"), a now-defunct biotechnology company.  Defendants further allege that they made their investments in Palmaz in reliance on private placement memoranda originally prepared by Jefferies and revised and distributed to them by WFG.

**Jefferies Has Never Had, and Does Not Have a Customer Relationship with Any of the Defendants**

53.     To compel a member firm to arbitrate a dispute under the FINRA Code, an investor must qualify as a "customer" of that FINRA member as set forth in FINRA Rule 12200, which provides:

> Parties must arbitrate a dispute under the Code if:
> • Arbitration under the Code is either:
>     (1) Required by a written agreement, or
>     (2) Requested by the customer;
> • The dispute is between a customer and a member or associated person of a member; and
> • The dispute arises in connection with the business activities of the member or the associated person except disputes involving the insurance business activities of a member that is also an insurance company.

54.     Jefferies has not entered into any written agreement with any of the Defendants, including an agreement to arbitrate.

55.     Furthermore, as a threshold matter, Defendants cannot compel Jefferies to arbitrate under FINRA Rule 12200 unless they are "customer[s]" of Jefferies.

56.     Defendants are not, and have never been, "customer[s]" of Jefferies within the definition of FINRA Rule 12200.  Tellingly, nowhere in the Statement of Claim do defendants allege that they are, or ever have been, customers of Jefferies.

57.     Jefferies conducted a diligent search of its records and has found no evidence that any of the Defendants has ever been a customer of Jefferies.

58.     The Defendants did not purchase the Palmaz preferred shares at issue in the Arbitration from Jefferies.

59.     As alleged by the Statement of Claim, four defendants purchased the preferred shares directly from the issuer; the remainder purchased preferred shares through WFG.

60.     Furthermore, the Statement of Claim does not allege that any of the Defendants had **any** relationship with Jefferies.  Notably, the Statement of Claim does not allege that any Defendant: (i) was a customer of Jefferies; (ii) held an account with Jefferies; (iii) executed a contractual agreement with Jefferies, such as a customer or arbitration agreement; (iv) received investment or any other financial advice from Jefferies; (v) purchased any securities from Jefferies, including the Palmaz preferred shares at issue in the Arbitration; (vi) had any dealings and/or communications with Jefferies, its employees, or any "associated person" of Jefferies; or (vii) engaged in any type of securities or business transaction by, with or through Jefferies.

## COUNT I:  DECLARATORY JUDGMENT

61.     Jefferies repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

62.     Under FINRA Rule 12200, which governs the arbitrability of disputes by a FINRA arbitration panel, a FINRA member such as Jefferies may be compelled by its "customer[s]" to arbitrate disputes "arisi[ing] in connection with [its] business activities" where arbitration is either (1) required by agreement; or (2) requested by the customer.

63.     As detailed above, Jefferies has not entered into any agreements with Defendants to arbitrate and Defendants are not "customer[s]" of Jefferies within the meaning of FINRA Rule 12200.  Accordingly, the dispute between Jefferies and Defendants is not arbitrable and the Arbitration must be enjoined.

64.     As alleged in this Complaint, a real, substantial and immediate controversy exists regarding the rights, duties and liabilities of the parties.  Declaratory relief from the Court would resolve this controversy.  Jefferies therefore requests a declaratory judgment from this Court pursuant to 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of

Civil Procedure that Jefferies has no obligation to arbitrate the claims asserted by

Defendants in the Arbitration.

## COUNT II:  INJUNCTIVE RELIEF

65.      Jefferies repeats and realleges the allegations of the preceding paragraphs as

though fully set forth herein.

66.      Defendants have asserted claims for monetary damages against Jefferies in

the Arbitration and, on information and belief, will continue to pursue such claims to an

award unless enjoined.

67.      Jefferies has a strong likelihood of success on the merits.  As alleged above,

Jefferies is not required to arbitrate Defendants' claims.  Jefferies and Defendants have not

entered into any written agreement to arbitrate.  Defendants are not and were never

"customer[s]" of Jefferies as required by FINRA Rule 12200.  On information and belief

based on the Statement of claim, some of Defendants were customers of WFG.  Defendants

did not purchase any Palmaz preferred stock through Jefferies.  On information and belief

based on the Statement of Claim, Defendants purchased their Palmaz preferred shares

either through WFG or directly from the issuer.

68.      As a matter of law, unless Defendants are enjoined from proceeding against

Jefferies in the Arbitration, Jefferies will suffer irreparable harm because it will (i) be

forced to arbitrate a dispute that it has not agreed to arbitrate, and (ii) be forced to incur the

substantial expense of defending itself in the Arbitration, or risk an adverse outcome in that

proceeding, even though Jefferies is under no legal obligation to arbitrate Defendants'

claims.

69.     Jefferies has no adequate remedy at law because any post-award challenge to a FINRA award would still require Jefferies to defend itself in an arbitration it did not consent to.

70.     The balance of equities weighs heavily in favor of an injunction because, unless Defendants are enjoined, Jefferies will incur significant and unrecoverable expense in contesting the Arbitration and any subsequent court action to vacate an award. Defendants have no countervailing interest in arbitrating patently non-arbitrable claims in pursuit of an award that would likely be subject to vacatur in any event.

71.     The public interest would be served by enjoining Defendants from pursuing their claims against Jefferies in an arbitration to which Jefferies never consented.

72.     Under Federal Rule of Civil Procedure 65 and 9 U.S.C. § 4, Jefferies is entitled to preliminary and permanent injunctive relief enjoining Defendants from proceeding against Jefferies in the Arbitration.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

1.     Entry of a declaratory judgment that Jefferies is not required to arbitrate the claims asserted by Defendants in the Arbitration;

2.     Entry of orders preliminarily and permanently enjoining Defendants from further proceedings against Jefferies in the Arbitration; and

3.     Such other and further relief as the Court may deem just and proper.

Dated:  February 3, 2017                    Respectfully submitted,

                                            */s/* William R. Thompson, II
                                            _____
                                            William R. Thompson, II
                                            TX State Bar No. 00788537
                                            Hankinson LLP
                                            750 North St. Paul Street
                                            Suite 1800
                                            Dallas, Texas 75201
                                            Telephone: (214) 754-9190
                                            Facsimile: (214) 754-9140
                                            rhompson@hankinsonlaw.com

                                            /s/ Scott S. Balber
                                            _____
                                            Scott S. Balber
                                            Jonathan Cross
                                            Herbert Smith Freehills New York LLP
                                            *Pro Hac Vice* Applications Forthcoming
                                            450 Lexington Ave.
                                            14th Floor
                                            New York, New York 10017
                                            Telephone: (212) 519-9858
                                            Facsimile: (212) 519-9856
                                            Scott.Balber@hsf.com
                                            Jonathan.Cross@hsf.com

                                            *Attorneys for Plaintiff Jefferies LLC*