IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFERIES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:17-CV-0332-D |
| | § | |
| WTW INVESTMENT COMPANY LTD, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Jefferies LLC ("Jefferies") brings this action seeking a declaratory judgment and permanent injunction enjoining defendants from pursuing claims against Jefferies in an arbitration pending before the Financial Industry Regulatory Authority ("FINRA"). Both sides have filed motions for summary judgment, and the court has heard oral argument. The court grants Jefferies' motion and denies defendants' motion.[1]

Having considered the parties' briefs and oral argument, the court is persuaded that Jefferies has established that defendants were not its "customers" as is required for mandatory arbitration under Rule 12200 of the FINRA Code of Arbitration Procedure for Customer Disputes. Jefferies prepared the offering materials that defendants relied on in

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

purchasing the securities of Palmaz Scientific Inc. ("PSI"), but defendants purchased the PSI securities from WFG Investments, Inc., also a FINRA member firm, or from PSI directly. It is undisputed that defendants did not purchase PSI securities from Jefferies or purchase any other services from Jefferies related to their acquisition of PSI securities. Defendants therefore were not customers of Jefferies or of an associated person of Jefferies.

The court agrees with cases such as *Citigroup Global Markets Inc. v. Abbar*, 761 F.3d 268 (2d Cir. 2014), that FINRA Rule 12200 "requires a FINRA member to arbitrate disputes with *its* 'customers' or the 'customers' of *its* 'associated persons (who are defined as natural persons[)]." *Id.* at 274 (emphasis added)). *See also Raymond James Fin. Servs., Inc. v. Cary*, 709 F.3d 382, 386-88 (4th Cir. 2013) ("When it accepted FINRA Rule 12200, RJFS agreed to arbitrate disputes with *its* customers, not with those who fall outside that category." (emphasis added)); *Pershing LLC v. Bevis*, 2014 WL 1818098, at *2 (M.D. La. May 7, 2014) ("While FINRA has not specifically defined the term 'customer,' Courts have defined it as 'one, not a broker or dealer, who purchases commodities or services from a FINRA member.' This definition appears to require a direct relationship, contractual or otherwise." (internal citation omitted) (quoting *UBS Fin. Servs. Inc. v. Carilion Clinic*, 706 F.3d 319, 325 (4th Cir. 2013))), *aff'd*, 606 Fed. Appx. 754 (5th Cir. 2015). Defendants are not customers of Jefferies or of an associated person of Jefferies.[2]

---

[2] The Fifth Circuit's decision in *California Fina Group, Inc. v. Herrin*, 379 F.3d 311 (5th Cir. 2004), which addressed the predecessor of FINRA Rule 12200, is not to the contrary. *Herrin* addressed whether being a customer of an associated person was enough. *Id.* at 317. In the present case, it is undisputed that defendants were not customers of an

And no court has approved defendants' position that *Chevron* deference should be given to SEC Release No. 34-55158, 72 Fed. Reg. 4574, 4579 (Jan. 31, 2007), and that such deference (if given) supports defendants' position that the scope of mandatory arbitration extends beyond direct customer relationships.

Accordingly, the court grants Jefferies' March 10, 2017 cross-motion for summary judgment and holds that Jefferies is entitled to a declaratory judgment holding that it is not required to arbitrate defendants' claims related to their purchase of PSI securities, and is entitled to a permanent injunction enjoining defendants from proceeding against Jefferies in the arbitration captioned *Toby Wilson, Paula Turnbull Knox, William Stanton, Janet Stanton, et al. v. WFG Investments, Inc. and Jefferies LLC*, FINRA Office of Dispute Resolution, Arbitration No. 16-03688. Defendants' February 17, 2017 motion for summary judgment is denied. The court is entering a Fed. R. Civ. P. 54(b) final judgment today. Defendants' April 14, 2017 counterclaims, which are contingent on the court's declaration that they may not maintain their arbitration against Jefferies, remain to be litigated.

**SO ORDERED**.

July 31, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

associated person of Jefferies. Defendants in fact recognize that *Herrin* is factually distinguishable. *See* Ds. July 14, 2017 Supp. Br. 9 (noting that *Herrin* is "not directly on point factually").