UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WTW INVESTMENT COMPANY, LTD., INDIVIDUALLY, ET AL., | § § § § | |
| *Plaintiffs,* | § § | Civil Action No. 3:17-CV-00332-X |
| v. | § § | |
| JEFFERIES, LLC, | § § | |
| *Defendant.* | § § | |

## MEMORANDUM OPINION AND ORDER

The plaintiffs—WTW Investment Company, Ltd., Renouard Investments, LLC, and several individuals (collectively, "Investors")—seek leave to file a fourth amended complaint, adding a federal securities fraud claim [Doc. No. 129]. Defendant Jefferies, LLC (Jefferies) opposes the request. And, deeming the motion for leave to be filed in bad faith, Jefferies requests the Court to impose sanctions on the Investors [Doc. No. 134]. In their response to Jefferies's motion for sanctions, the Investors counter-move for sanctions against Jefferies [Doc. No. 148]. After careful consideration, the Court **DENIES** all three motions.[1]

I.

The Court first addresses the Investors' motion for leave to amend their complaint.

---

[1] Under section 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

1

A.

Regarding motions for leave to amend pleadings, Federal Rule of Civil Procedure 15(a)(2) says that courts "should freely give leave when justice so requires."[2] But leave to amend "is by no means automatic."[3] Although district courts "must possess a 'substantial reason' to deny a request for leave to amend,"[4] the "decisions concerning motions to amend are 'entrusted to the sound discretion of the district court[.]'"[5] Federal courts in the Fifth Circuit follow the guidance of the Supreme Court of the United States by examining "five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment."[6] Finding any one of these factors is enough for the district court to deny a motion for leave to amend.[7]

---

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992) (citing *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667 (5th Cir. 1981)).

[4] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)).

[5] *Smith*, 393 F.3d at 595 (quoting *Quitanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).

[6] *Smith*, 393 F.3d at 595 (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

[7] *See Foman*, 371 U.S. at 182 (stating that leave should be freely given only in the absence of "any apparent or declared reason" to do otherwise).

B.

Although Jefferies argues that the Investors' motion for leave should be denied for all five *Foman* factors, the Court finds specifically that the motion for leave was unduly delayed and, if granted, the amended complaint would unduly prejudice Jefferies. If permitted, the Investors' proposed amended complaint would be their fifth operative complaint in this case, which began almost three years ago. But this is the Investors' sixth overall attempt to plead their claims. In other words, by the time they filed their pending motion for leave, the Investors had sought to plead or replead their claims, on average, about once every four months of this litigation. Despite all these attempts to plead or amend, only now do the Investors seek to move beyond state-law claims and plead a federal cause of action.

In the Fifth Circuit, the "touchstone of the inquiry under rule 15(a) is whether the proposed amendment would unfairly prejudice the defense by denying the defendants notice of the nature of the complaint."[8] Although this standard tends to refer to situations when plaintiffs attempt to plead "an entirely new factual basis for the plaintiffs' claims," the core purpose of this inquiry is to determine if the proposed amendment would have a "significant tendency to disrupt trial proceedings."[9] Specifically, the court can consider if the amended pleadings may require the parties to "reopen discovery and alter their trial strategies."[10]

---

[8] *Lowrey v. Texas A&M Univ. Sys..*, 117 F.3d 242, 246 (5th Cir. 1997) (citing *Engstrom v. First Nat'l Bank*, 47 F.3d 1459, 1464 (5th Cir. 1995)).

[9] *Little*, 952 F.2d at 846.

[10] *Id.*

3

The Court finds that the Investors' attempt to amend their complaint again would unduly prejudice Jefferies because it would fundamentally alter the nature of the complaint, unduly prejudicing Jefferies's ability to defend itself adequately in this case. Here, the Investors' attempt to plead a new federal securities fraud claim based on evidence they obtained from Jefferies in discovery. But Jefferies points out that if the Investors had pleaded these alleged violations of Section 10(b) and Rule 10b-5 of the Exchange Act of 1934 in their initial complaint, Jefferies could have sought an automatic stay of discovery. Jefferies says that this automatic stay on discovery could have precluded the Investors from obtaining in the first instance the very evidence the Investors are now attempting to use as a basis for their new federal securities fraud claims.[11] Notably, the Investors do not dispute Jefferies's statement of the law—instead, the Investors only claim that their discovery requests were not burdensome, that Jefferies did not cooperate in discovery, and that they didn't plead federal securities fraud claims earlier because they wanted to satisfy their good-faith obligations to the Court under Rule 11 of the Federal Rules of Civil Procedure.

The Court is unpersuaded by the Investors' justifications for seeking leave to file a fifth complaint. Whether their discovery requests were burdensome or Jefferies was uncooperative is immaterial if Jefferies could have, and likely would have, sought an automatic stay of discovery if the Investors had pled their federal securities fraud claim in the first instance. Furthermore, while the Court appreciates the Investors'

---

[11] *See* 15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss[.]"). *See also Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 382–83 (2014) (noting that the Private Securities Litigation Reform Act of 1995 "permits defendants to obtain automatic stays of discovery").

4

desire to satisfy their obligations under Rule 11, the Court notes that the pleading standards of Rule 8 and Rule 9(b)—although high (and even heightened for allegations of fraud)—do not require an evidentiary basis that can only be established through the discovery process.

Simply stated: the Investors could have pleaded their proposed federal securities fraud claim much earlier, but, if so, this litigation—specifically Jefferies's defense—would likely have proceeded much differently. To grant the Investors leave to amend their complaint for this proposed claim now would excuse undue delay and permit undue prejudice. In its discretion, the Court finds that its necessary power to manage this case tempers its general obligation to freely grant leave to amend.[12] And the Court also finds that the Investors have not met their "burden of showing" that their "delay 'was due to oversight, inadvertence, or excusable neglect[.]'"[13] For these reasons, the Court **DENIES** the Investors' motion for leave to amend their complaint again.

II.

The Court next addresses Jefferies's motion for sanctions on the Investors and the Investors' counter-motion for sanctions on Jefferies.

---

[12] *Little*, 952 F.2d at 846 ("While leave to amend must be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." (quoting *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2s 885, 890 (5th Cir. 1987))).

[13] *Gregor v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (quoting *Frank Adam Elec. Co. v. Westinghouse Elec. & Mfg. Co.*, 146 F.2d 165, 167 (8th Cir. 1945)).

5

A.

Jefferies seeks sanctions under 28 U.S.C. § 1927, which says that any "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[14] Because the text of the statute says that the Court "may" require sanctions for such conduct, the statute permissively allows and does not mandatorily require such sanctions.

B.

Here, the Court declines to exercise its discretion to impose sanctions on the Investors for requesting leave to amend their complaint. The Court also declines to exercise its discretion to impose sanctions on Jefferies, which the Investors request in their counter-motion for sanctions. The parties can debate the legal merits of a motion for leave to amend a complaint without requiring the Court to sanction the Investors for requesting leave to amend or requiring the Court to sanction Jefferies for requesting the Court to sanction the Investors for requesting leave to amend. Such practices distract the Court and delay just outcomes for parties.[15] Therefore, the Court determines that its denial of the Investors' motion for leave to amend is

---

[14] 28 U.S.C. § 1927.

[15] *See Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 286 (N.D. Tex. 1988) ("With alarming frequency, we find that valuable judicial and attorney time is consumed in resolving unnecessary contention and sharp practices between lawyers. Judges and magistrates of this court are required to devote substantial attention to refereeing abusive litigation tactics that range from benign incivility to outright obstruction.").

enough, and so it **DENIES** Jefferies's motion for sanctions and it **DENIES** the Investors' counter-motion for sanctions.

III.

After careful consideration, the Court **DENIES** the Investors' motion for leave to amend their complaint, **DENIES** Jefferies's motion for sanctions, and **DENIES** the Investors' counter-motion for sanctions. All relief not expressly granted is denied. By separate order, the Court will rule on Jefferies's ripe motion to dismiss.

**IT IS SO ORDERED** this 24th day of January 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE