UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WTW INVESTMENT COMPANY, LTD., INDIVIDUALLY, ET AL., | § § § § § § § § § § § | |
| *Plaintiffs,* | | Civil Action No. 3:17-CV-00332-X |
| v. | | |
| JEFFERIES, LLC, | | |
| *Defendant.* | | |

## **MEMORANDUM OPINION AND ORDER**

In this case involving state-law claims regarding the brokerage and purchase of securities, defendant Jefferies, LLC (Jefferies) moves to dismiss the plaintiffs' third amended complaint for failure to state a claim upon which relief may be granted [Doc. No. 131]. After careful consideration, and as explained below, the Court **GRANTS** the motion to dismiss, **DISMISSING** the plaintiffs' case **WITH PREJUDICE**.[1] Consequently, the Court also **DENIES** the plaintiffs' request for exemplary and punitive damages, attorney's fees and disbursements, expert witness fees, expenses, and prejudgment interest.

I.

The Court begins with a brief recitation of this case's facts. The plaintiffs—WTW Investment Company, Ltd., Renouard Investments, LLC, and several

---

[1] Under section 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

1

individuals (collectively, "Investors")—are purchasers of securities. In their third amended complaint, the Investors allege counts of ordinary negligence, negligent supervision, and gross negligence against Jefferies. When the acts giving rise to these allegations occurred, Jefferies was Palmaz Scientific, Inc.'s (PSI) placement agent. As PSI's placement agent, Jefferies prepared PSI's private placement memoranda as PSI prepared to sell its stock. The Investors maintain that Jefferies made misrepresentations in PSI's offering materials, and that the Investors relied upon these misrepresentations when they invested—and eventually lost—over $3 million in PSI stock. As a result, the Investors seek actual compensatory damages in excess of $3 million, and unlimited punitive and exemplary damages, and their attorney's fees and disbursements, expert witness fees, expenses, and prejudgment interest.

This case, which has been litigated for nearly three years before two other judges of this Court, has an elaborate procedural history that is unnecessary to detail completely here.[2] What is most relevant to the Court's analysis today is that the Court has dismissed the Investors' three state-law claims once before. On February 5, 2019, the Court dismissed all the Investors' claims in their second amended complaint—some with prejudice and the others, which were repleaded in the third amended complaint and are before the Court again today, without prejudice.

In its first dismissal order, the Court found that the Investors failed to state any plausible claim for relief because the Investors had not adequately alleged

---

[2] *See First Dismissal Order*, at 1–4 [Doc. No. 124] (detailing factual and procedural history of the case).

predicate facts showing that a duty of care existed between Jefferies and the Investors.³ But the Court granted the Investors leave to amend their complaint as to counts II (ordinary negligence), III (negligent supervision), and IV (gross negligence) to cure the deficiencies outlined by Jefferies in its original motion to dismiss.⁴ The Investors repleaded these remaining state-law claims in their third amended complaint. Yet again, Jefferies moved to dismiss these claims. Although the Investors sought leave to amend their complaint again and add a federal securities fraud claim, this Court denied that request. Therefore, the motion to dismiss is operative. And it is ripe for the Court's review.

II.

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"⁵ To survive a motion to dismiss, the Investors must allege enough facts "to state a claim to relief that is plausible on its face."⁶ "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

³ *See First Dismissal Order*, at 14–15 ("The Court finds that the Investors have failed to state a plausible claim for relief for ordinary negligence, gross negligence, and negligent supervision. In particular, the Investors have not adequately alleged that a duty of care existed between Jefferies and the Investors, which is a necessary element of each of the Investors' negligence-based claims.").

⁴ *Id.* at 15 ("Therefore, the Court will allow the Investors' leave to amend their pleading as to Counts II, III, and IV to cure the deficiencies outlined by Jefferies in the Motion to Dismiss.").

⁵ *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

⁶ *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3

alleged."[7]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[8] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[9]

III.

Under the Rule 8 standard, as clarified by *Iqbal* and *Twombly*, the Investors have yet again failed to plausibly plead their negligence-based claims.

A.

New York law says that plaintiffs asserting negligence-based claims must allege facts demonstrating that the defendant owed them a duty of care. "The threshold question in any negligence action" is: "does defendant owe a legally recognized duty of care to plaintiff?"[10]  In this case, the question is whether the Investors adequately pleaded facts demonstrating the element of a duty of care. The answer to this question is dispositive—it is necessary and sufficient to dismiss all of the Investors' claims—and so the Court will address this issue alone.[11]

---

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.* S*ee also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[9] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. Rule 8(a)(2)).

[10] *In re September 11 Litigation*, 905 F.Supp.2d 547, 553 (S.D.N.Y. 2012) (quoting *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 232 (N.Y. 2001)).

[11] Jefferies also moves to dismiss the Third Amended Complaint for two additional reasons. First, Jefferies argues that the Investors' claims should be dismissed as duplicative of their already dismissed claims for negligent misrepresentation. Second, Jefferies argues that even if it owed the Investors a duty of care, the Investors fail to adequately allege that Jefferies breached that duty. Because the question of duty of care is a threshold element (and the Court determines it has not been

4

B.

The Court finds that the Investors have not adequately alleged facts demonstrating that Jefferies owed the Investors a duty of care. The Court addresses the Investors' two flawed attempts to do so, both of which are based on mistaken theories of agency.

i.

The Investors first allege that Jefferies owed the Investors a duty of care because Jefferies was PSI's agent for purposes of the offering, and that as an agent it committed affirmative acts of negligence. The Investors argue that under New York law, agents engaging in affirmative acts of negligence owe third parties a duty of care. But it is not enough to claim a party is an agent and that its actions appear to be acts of affirmative negligence. Even assuming that Jefferies was PSI's agent, the Investors must still show that Jefferies owed the Investors an independent duty that it could breach through affirmative negligence. And the Investors have not done so.

The Investors' failure to adequately allege any independent duty of Jefferies is fatal to their claims. Contrary to what the Investors argue, New York law does not say that agents engaging in affirmative acts of negligence necessarily owe third parties a duty of care. Instead, New York law says that agents who *already owe* third parties a duty of care can be liable for acts of affirmative negligence.[12] In Jefferies's

---

satisfied), the Court need not—and does not—reach conclusions regarding Jefferies's other arguments in support of its motion to dismiss.

[12] *See Mathis v. Yondata Corp.*, 125 Misc.2d 383, 387 (N.Y. 1984) (noting that "an agent is liable for injury to third persons when he breaches some duty he owes to such third person").

5

words: the doctrine of affirmative negligence "does not create any duties that do not otherwise exist."[13] So even if the Court assumes, without deciding, that Jefferies was PSI's agent for the purposes of the PSI offering, the Investors still have not pled facts alleging the existence of an independent duty between Jefferies and the Investors.

ii.

The Investors also maintain that Jefferies owed the Investors a duty of care because Jefferies assumed control over PSI's offering as if Jefferies was the principal of the transaction. The Investors argue that under New York law, agents owe third parties a duty of care if they assume authority over a transaction with third parties. In response, Jefferies argues that the Investors have not alleged facts showing that Jefferies owed them a duty of care because the Investors cannot allege facts demonstrating that Jefferies ever did business with the Investors.

This Investors' theory fails to allege a duty of care because the Investors have failed to show that they, as a third party, engaged with Jefferies in a business relationship that would impose on Jefferies a duty of care. New York law provides that security brokers "do not owe a general duty of care or disclosure to the public simply because they are market professionals. A duty of care arises only when the broker does business with the plaintiff."[14] But, unlike the facts of *Jones v. Archibald*,[15] Jefferies did not "expressly obligate[] [itself] in a contractual relationship

---

[13] Jefferies LLC's *Reply Brief in Further Support of its Motion to Dismiss Plaintiffs' Third Amended Complaint*, at 4 [Doc. No. 149].

[14] *Kolbeck v. LIT Am., Inc.*, 923 F. Supp. 557, 571–72 (S.D.N.Y. 1996).

[15] 45 A.D.2d 532 (N.Y. App. Div. 1974).

6

with a third party."[16] Rather, even assuming without deciding that Jefferies was an agent of PSI, this Court has already found that the Investors are not "customers of Jefferies or of an associated person of Jefferies."[17] Specifically, this Court has found that it is undisputed that the Investors "did not purchase PSI securities from Jefferies or purchase any other services from Jefferies related to their acquisition of PSI securities."[18] And the third amended complaint pleads no new facts convincing the Court to find otherwise.

IV.

Because the Investors have failed to adequately plead a duty of care—a necessary element of any negligence claim—the Investors have failed to state any claim for which relief may be granted. Therefore, the Court **GRANTS** the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), **DISMISSING** the plaintiffs' case **WITH PREJUDICE**. Consequently, the Court also **DENIES** the plaintiffs' request for exemplary and punitive damages, attorney's fees and disbursements, expert witness fees, expenses, and prejudgment interest. All relief not expressly granted is denied. By separate order, the Court will issue its final judgment.

**IT IS SO ORDERED** this 24th day of January 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[16] *Id.* at 535.

[17] *First Dismissal Order*, at 2 (quoting the Court's July 31, 2017 *Memorandum Opinion and Order* [Doc. No. 49]).

[18] *Id.* at 2 (quoting the Court's July 31, 2017 *Memorandum Opinion and Order*).